## Commonwealth v. Crawford

*Kenneth W. Rice,* for Commonwealth.
*Herbert W. Mook,* for defendant.

KENT, P. J., November 20, 1947.—The record in this case discloses that a complaint was filed with the committing magistrate on April 18, 1946, charging defendant with fornication and bastardy; whereupon a warrant was forthwith issued to Edgar C. Hall, constable, which was duly returned under oath, as follows:

"And now, April 24, 1946, warrant is returned. Not found in my bailiwick. Defendant has enlisted in U. S. Navy on April 12, 1946, and is now stationed at Bain-

bridge, Md., and is beyond reach of the within warrant. Edgar C. Hall, constable, is sworn and so answers on oath.";

that the transcript of said proceeding was lodged with the clerk of Quarter Sessions Court of said Crawford County on April 27, 1946; that the court took immediate jurisdiction of the case as the district attorney on June 3, 1946, presented his motion to "defer the presentation of a bill of indictment . . . for the reason that the chief prosecuting witness is in confinement due to the birth of said child", which motion was allowed by the court; that the magistrate on June 20, 1946, without leave of court, as averred, took the transcript from the record, issued a second warrant thereon by authority of which defendant was placed under arrest, taken before the magistrate, when and where he entered a plea of not guilty, waived preliminary hearing and gave bail for his appearance at September 1946 term of court, in the sum of $500; that thereafter, presumably on June 21, 1946, the following entry in bolder typewriting appears in the transcript filed April 27, 1946, as follows:

"And now June 20, (no year stated) A New Warrant is issued to Edgar C. (blank) Constable and Defendant arrested and brought before me on June 21, 1946. After hearing the Complaint. Defendant enters a plea of NOT GUILTY. and waives a hearing before me. and Posts Bond of 500.00 for appearance in Sept. Term of Court." (Words in parenthesis ours.)

This is a rather unusual proceeding. We are unable to find any law to sustain same, neither are we referred to any, as no briefs have been filed by any of the parties in interest. The proceeding is not to amend the transcript, but to the contrary, the transcript clearly shows that a new warrant was issued, that an arrest was made by virtue thereof and subsequent proceed-

ings were had before the magistrate without authority of law or the court.

We are clearly of the opinion, under the apparent circumstances, that defendant's motion to quash the information must prevail.

### Order

Now, November 20, 1947, the rule to show cause why the information and transcript should not be quashed is made absolute and the transcript filed April 27, 1946, insofar as the apparent addition thereto is concerned, together with all proceedings thereon after the aforesaid filing date, to wit, April 27, 1946, are quashed and set aside.